[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de ALIMONY MOTION (#106.50)
The defendant has moved for alimony and child support by motion dated September 1, 2000. After an evidentiary hearing conducted on October 16, 2000 the court makes the following findings of fact. The plaintiff is a real estate broker generating all his income from commissions. He estimates that his gross income for this year will be about $300,000 and that after allowing 40 percent for income taxes and other mandatory deductions he believes his net disposable annual income to be $180,000 or $15,000 monthly. The court accepts this projection in setting the temporary periodic orders. Both parties continue to occupy the marital home with four young minor children, three of whom are triplets born on January 21, 1997. The oldest child, Megan, was born on February 6, 1994. The defendant does not work outside the home. The plaintiff's aunt and the plaintiff's mother care for the triplets from 11 AM until 1 PM. The caregiver comes in the afternoon to assist.
The plaintiff's net weekly income exceeds $2500 so the child support award is determined on a case-by-case basis with the minimum presumptive amount for four children being $762. Daycare, babysitters and nursery school cost is $520 weekly. The plaintiff is ordered to pay child support CT Page 12884 weekly of $762 to the defendant. The defendant shall attend to the children's needs including daycare, babysitters and nursery school expenses.
The plaintiff shall pay the first mortgage installments; the home equity loan installments; real property taxes; homeowner's insurance; utilities including cable TV; heating costs; medical and dental insurance premiums; unreimbursed medical, dental, prescription and related expenses for himself and the children; life insurance premiums; auto insurance premiums; and veterinarian expenses for the family pet. As temporary periodic alimony he shall pay to the defendant the sum of $1200 weekly. The defendant shall be responsible for groceries for the family, maintenance of the motor vehicle she normally uses, her personal expenses and her charges on credit cards for such personal expenses.
So ordered with initial payments due Friday, October 20, 2000.
This arrangement is explicitly based upon the continued occupation of the marital home by both parties with their minor children. The orders are not intended to fix responsibility for all ongoing expenses necessary or suitable for this family in their present station.
HARRIGAN, J.